## BLACKBURN v. UNITED STATES.

### No. 6604.

United States Court of Appeals for the District of Columbia.

Decided May 11, 1936.

James K. Hughes, of Washington, D. C., for plaintiff in error.

Arthur J. McLaughlin and Arthur B. Caldwell, Asst. U. S. Attys., both of Washingt⟨ D. C.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Writ of error to the police court of the District.

Defendant (plaintiff in error) was convicted in the court below under an information charging that on the 19th day of September, 1935, in this District, she committed the offense now commonly known as "soliciting prostitution," in violation of section 1 of the Act of August 15, 1935 (chapter 546, 49 Stat. 651), and was sentenced to pay a fine of $100 or, in default, to serve 90 days in jail.

Following a plea of not guilty, defendant moved for a trial by jury, which motion was denied, and an exception taken.

Defendant's single assignment of error is based upon the refusal of the trial court to award a trial by jury as provided by the Constitution, article 3, § 2, cl. 3.

The government relies upon section 165, Tit. 18, D.C.Code 1929 (section 44, D.C.Code 1924, as amended by the Act of March 3, 1925, § 4, 43 Stat. 1119), relating to prosecutions in police court, which, inter alia, provides: "In all cases where the accused would not by force of the Constitution of the United States be entitled to a trial by jury, the trial shall be by the court without a jury, unless in such of said last-named cases wherein the fine or penalty may be more than $300, or imprisonment as punishment for the offense may be more than ninety days, the accused shall demand a trial by jury, in which case the trial shall be by jury."

Section 1 of the Act of August 15, 1935 (chapter 546, 49 Stat. 651), which defined the offense here involved, provides "a penalty of not more than $100 or imprisonment for not more than ninety days, or both."

Without determining the class or grade of the offense charged in this information, we think the case ruled by Clawans v. District of Columbia, 66 App.D.C. 11, 84 F.(2d) 265, decided this day, in which Mr. Justice Groner, speaking for the court, said: "We are of opinion that the constitutional provisions with relation to jury trial apply * * * in all cases * * * without regard to the nature of the offense, where the punishment which may be inflicted under the statute involves a sentence as severe as confinement in jail for ninety days."

Judgment reversed, and new trial awarded.

Reversed.